```
                                                    CLERK'S OFFICE U.S. DIST. COURT
                                                          AT ROANOKE, VA
                                                                FILED
                                                           MAR 20 2007
          IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF VIRGINIA     BY: JOHN F. CORCORAN, CLERK
                    ROANOKE DIVISION                        DEPUTY CLERK
```

LARRY VALENTINE,                )
    Plaintiff,                  )    Civil Action No. 7:07-cv-00114
                                )
v.                              )    <u>MEMORANDUM OPINION</u>
                                )
RED ONION STATE PRISON,         )    By: Hon. James C. Turk
    Defendant(s).               )    Senior United States District Judge

Plaintiff Larry Valentine, a Virginia inmate proceeding <u>pro se</u>, brings this action under the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. In his complaint, Valentine alleges that unnamed prison officials at Red Onion State Prison denied him the right to practice his religious dietary beliefs related to the holy days of Ramadan in 2006. He seeks monetary damages for this violation. Upon consideration of the complaint, the court finds that this action should be dismissed without prejudice, because it is clear from the face of the complaint that plaintiff did not exhaust administrative remedies before filing this action, as required under 42 U.S.C. § 1997e(a).

The Prison Litigation Reform Act ("PLRA") provides, among other things, that

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Under the plain language of the statute, exhaustion of administrative remedies is a "prerequisite to suit" in the prisoner's civil rights context. See <u>Nussle v. Porter</u>, 534 U.S. 516, 524 (2002). The United States Supreme Court has held that the Section 1997e(a) exhaustion of administrative remedies requirement applies to "all inmate suits, whether they involve general

1

circumstances or particular episodes, . . . whether they allege excessive force or some other wrong,"and whether or not the form of relief the inmate seeks is available through exhaustion of administrative remedies. Id. To satisfy §1997e(a) before filing his §1983 action, an inmate must follow each step of the established administrative procedure that the state provides to prisoners and meet all deadlines within that procedure. See Woodford v. Ngo, 126 S. Ct. 2378, 2387 (2006); Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002).

The court takes judicial notice of the grievance procedures available to all Virginia Department of Corrections (VDOC) inmates, including those at Red Onion. Under VDOC Division Operating Procedure (DOP) 866, an aggrieved inmate must follow three distinct steps to exhaust the procedure's remedies. First, he must make a good faith effort to resolve the issue informally, by pursuing an informal complaint. DOP 866-7.13. If the inmate is not satisfied with the response to the informal complaint, he may file a regular grievance within 30 days from the occurrence or incident or from the discovery of the occurrence or incident, whichever date is later. DOP 866-7.14. The inmate must attach the informal complaint to his regular grievance form or explain in the regular grievance text his informal attempts to resolve the problem. Id. at (1). DOP 866 provides for three levels of review for regular grievances, although most complaints qualify for only two levels of review. DOP 866-7.15.

Valentine alleges that he was denied the right to practice Ramadan from September 23 to October 23, 2006.[1] He claims that to have a carbon copy of the Ramadan list that proves his name

---

[1] Valentine's claims are written on a separate sheet of lined paper, attached to the § 1983 form, and are very difficult to read, as he has written them in small, light script.

was on the list.[2] He also asserts that a prison security check sheet would prove that he was on the list and asks the court to use this sheet to verify his claim. On the § 1983 form Valentine used to state his claims, he asserts that he filed a grievance, asking to receive the special Ramadan meals. An officer responded by telling him that he was not on the list to receive Ramadan meals. Valentine clearly indicates that he did not file an appeal from that grievance response and offers no explanation for his failure to do so.

By failing to appeal the denial of his one grievance to a higher level of appeal review within the VDOC grievance procedures under DOP 866, Valentine failed to exhaust available administrative remedies before filing this lawsuit. If he had appealed the grievance and attached to his appeal the carbon copy of the Ramadan list, including his name, perhaps officials could have gotten him the Ramadan diet before the month-long holiday ended. Other efforts Valentine may have made to obtain the diet cannot substitute for his obligation to utilize the steps provided in DOP 866 for exhaustion of administrative remedies. As it is clear from the face of the complaint that Valentine did not complete all the steps of the established VDOC grievance procedure before filing this lawsuit, it is also clear that he did not comply with § 1997e(a). Therefore, the court will summarily dismiss this action without prejudice, pursuant to that statute. Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 682 (4th Cir. 2005) (finding that a court may summarily dismiss a prisoner's civil action if it is clear from the face of the complaint that he did not exhaust available administrative remedies before filing suit). An appropriate order shall be issued this day.

---

[2]Valentine states in his complaint that he has attached a carbon copy of the Ramadan list to his complaint. This carbon copy was not attached to the complaint received by the court, however.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 20th day of March, 2007.

/s/ James C. Turk
Senior United States District Judge